DECISION
Plaintiff-appellant, Jon Pavlisko, appeals from a judgment of the Ohio Court of Claims finding that defendant-appellee, Miami University, had not breached appellant's employment contract and that appellant was not entitled to de facto tenure.
Appellant was employed by Miami University ("University") in two part-time positions, considered a "split appointment." Appellant held a part-time appointment as Men's Head Baseball Coach, and was simultaneously an associate professor of physiology in the Department of Health Physical Education and Sports Studies. Appellant's employment with the University commenced in 1982, under a series of one year contracts. Appellant's 1995 re-appointment letter described his position as follows:
 Title: Associate Professor one-half time, Department of Physical Education, Health and Sport Studies; Men's Head Baseball Coach one-half time, Intercollegiate Athletics. Yearly contract, without tenure.
 Salary for July 1, 1995 — June 30, 1996: $54,100 Academic year, one-half time PHS; Twelve months, one-half time ICA.
The University's Policy and Information Manual was expressly referenced in appellant's 1995 re-appointment letter, and by its terms became incorporated into appellant's contract.
By letter of June 25, 1996, the acting president of the University informed appellant that his contract as the Men's Head Baseball Coach would not be renewed and that his part-time instructional staff appointment would be renewed only for the 1996-97 academic year and not thereafter. The present action concerns only appellant's termination as Men's Head Baseball Coach and not the termination of his instructional appointment.
Appellant filed the present action following his termination, asserting the University had failed to apply certain sections of its policy and information manual and that his termination thus breached his contract of employment. By decision filed September 1, 1998, the Court of Claims found that appellant had failed to prove his claims for breach of contract, or that appellant was not protected by de facto tenure.
Appellant has timely appealed and brings the following assignments of error:
 1. THE COURT OF CLAIMS FAILED TO RECOGNIZE THAT JON PAVLISKO RELIED ON THE DE FACTO TENURE OR EXTENDED EMPLOYMENT STATUS CONFERRED ON HIM BY MIAMI UNIVERSITY.
 2. THE COURT OF CLAIMS FAILED IN NOT RECOGNIZING THE POLICY OF MIAMI UNIVERSITY TO LIMIT THE TERM OF AT-WILL FISCAL EMPLOYMENT TO NO MORE THAN FIVE YEARS.
 3. THE COURT OF CLAIMS FAILED TO FIND THAT MIAMI UNIVERSITY ERRED IN NOT GIVING JON PAVLISKO ADEQUATE NOTICE OF PERFORMANCE ISSUES AS REQUIRED UNDER 3.333, PARAGRAPH 3.
 4. THE COURT OF CLAIMS ERRED IN FAILING TO DETERMINE THAT MIAMI UNIVERSITY WAS REQUIRED TO GIVE NOTICE OF NON-CONTINUATION OF EMPLOYMENT OF A FOURTEEN YEAR EMPLOYEE AS REQUIRED BY 3.336 AND 3.552(B).
Appellant's first and second assignments of error assert that the Court of Claims erred in failing to find that appellant's termination was in violation of de facto tenure extended to appellant by virtue of the "Extended Employment Status" to which he was entitled under the University Policy Manual. Appellant specifically relies on Section 3.333 of the Manual which provides in pertinent part as follows:
 Although there are specific exceptions, it is the policy of Miami University to limit the term of at-will fiscal year employment generally to no more than five years after which an unclassified staff member enjoys an extended appointment status.
 Extended appointment status confers a measure of job security on an individual that is not contemplated by Ohio's at-will doctrine. Individuals who have achieved this status may not be terminated from employment without cause * * *.
However, as noted by the Court of Claims, the next paragraph of the Policy Manual, Section 3.334, specifically classifies the position of "Coach" as a limited appointment position, by definition not "extended appointment-eligible." Appellant's position as Men's Head Baseball Coach was thus specifically excluded from the extended appointment protection which he would assert, and thus the Court of Claims did not err in finding that the University did not breach any duties under this section when terminating appellant. Appellant's first and second assignments of error are accordingly overruled.
Appellant's third and fourth assignments of error assert that the University failed to give appellant adequate notice of non-renewal of his contract as baseball coach. Appellant relies upon two different sections of the University Policy Manual for the proposition that he should have been given greater notice of the non-renewal of his contract. Initially, appellant relies upon: Section 3.336:
 Policy Governing Reductions in Force for Unclassified Staff
 Except for cases of termination for disciplinary reasons, unclassified employees whose appointments will not be renewed due to job abolishment shall norm ally be given notice of non-reappointment no later than February 1 except for those positions that cannot be evaluated until the conclusion of the academic year; in such cases, notification shall be extended to a date no later than June 1. If notice is given after February 1, whether because of inability to evaluate or for any other reason, the effective date of termination of regular employment shall be five months from the date of notice, during which time the employee is expected to fulfill the duties and responsibilities to which s/he is assigned.
Again, as noted by the Court of Claims, this section is inapplicable to appellant because his position was not lost due to a job abolishment, but due to his replacement by another candidate. Appellant also relies on Section 3.552 of the Policy Manual:
 A. Instructional appointments at Miami University are made on an annual basis and expire at the end of the regular academic year. The President, after consultation with appropriate Department and Department Chair, the appropriate academic Dean, and the Provost, may decide not to recommend to the Board of Trustees the renewal of any appointment.
 B. Written notice of the intention not to recommend reappointment for the next academic year of a person occupying a non-tenurable rank shall be given by the President not later than February 1.
By its own terms, Section 3.552 only applies to instructional appointments. The testimony before the Court of Claims established that appellant's coaching position was not an instructional appointment, but an unclassified administrative staff position. The University was therefore not required to give the notice set forth in Section 3.552 of the Policy Manual.
The Court of Claims' finding with respect to these two policy sections is amply supported by the evidence in the record and by the plain language of the Policy Manual itself. We accordingly find that the Court of Claims did not err in holding that appellant was not entitled to notice of non-renewal beyond what he received. Appellant's third and fourth assignments of error are overruled.
Based upon the foregoing, appellant's first, second, third, and fourth assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
TYACK, J, and LAZARUS, P.J., concur.